ILAOA of Leone, Plaintiff

v.

TOILOLO of Leone, Defendant

No. 5-1937

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Niualuga" in Leone]

June 10, 1938

A. A. MORROW, *Chief Justice;* LIUFAU, *District Judge;* and PELE, *District Judge*

DECISION

The land Niualuaga in Leone, bordered on the southwest by the sea and on the east in part by government land on which was built the naval dispensary in 1916, was surveyed and offered for registration by Tiololo. Ilaoa objected to the proposed registration, claiming that the survey included some of his land. In making his objection he did not claim all of the surveyed land as his nor did he at the trial. He admitted that the southern part of the surveyed tract belongs to Toilolo. The dispute arises in part over the ownership of that portion of the land north of what was

the southern boundary of an old pandanus patch that stood on the surveyed tract for many years and up to the time of its removal in 1936. There are three coconut trees standing near the most westerly corner of the surveyed tract. Ilaoa claimed that part of the surveyed land bordering on the sea and lying in a northwesterly direction from said three trees and also that part bordering on the sea and extending in a southeasterly direction from the same trees. Just how far to the southeast of the trees he claimed is not clear from the evidence or his objection and, as will be apparent later, is not important.

The evidence showed that all of the land in the surveyed tract is matai land, and that none of it is owned by either Toilolo or Ilaoa as individuals. Whenever in this decision any part of the land is spoken of as the property of either Toilolo or Ilaoa, it is understood that the ownership rests in the one or the other as the matai of his family, and not as an individual.

That part of the land north of what was the southern boundary of the old pandanus patch may conveniently be divided into two parts, (1) the part on which the old pandanus patch was, and (2) the part north of the old pandanus patch.

█ We shall first consider the part of the land on which the pandanus grew. Both parties introduced evidence of use and occupation of it coupled with claims of ownership thereof. While there was a conflict in the testimony, we think the evidence clearly preponderates in favor of the view that the Toilolo family have used and occupied this part under a claim of ownership for a period antedating the raising of the U.S. flag in Tutuila 38 years ago. There is no need to cite authority for the proposition that if the Toilolo family acquired ownership according to Samoan custom by taking possession of the land and using it and claiming it as its own, prior to the American occupation, it still has the

title unless it voluntarily parted with it, or lost it through the operation of the doctrine of adverse possession, or it was taken through condemnation proceedings. We make this statement although we think that as against the objector it is not necessary for Toilolo to show use and occupation with claim of title for more than twenty years.

Mixed in the soil in one part of the land where the old pandanus patch was is some coral constituting the remains of an old fale. Olo gave testimony to the effect that he was 68 years old and that when he "was old enough" he was adopted by the present Toilolo's father and lived with him in that fale. The present Toilolo, the proponent, testified that he was 59 years of age and lived in the fale when he was 16. Olo testified that several old women of the Toilolo family had lived in the fale and that all were now dead except one. It further appeared from his testimony that the fale was occupied by members of the Toilolo family prior to the time the naval dispensary was built. Olo testified also that the pandanus patch was on the land when he was living in the fale and prior to the time the dispensary was put up. Other witnesses for Toilolo testified that the Toilolo family had cut leaves from the pandanus plants for many years prior to the time they were removed from the land in 1936. It is clear to us from the whole evidence that all of the pandanus patch was planted many years ago either by Fipi, an elderly woman and a member of the Toilolo family, or by Fipi and another Toilolo woman. Mativa of Fagatogo testified that she and Fipi without objection from anyone cut the 1936 crop of leaves from the entire patch and that Fipi sold them to Mativa. Various pulenuus in many different years ordered the Toilolo family to clean up the pandanus patch.

There was some testimony to the effect that a part of the pandanus patch was planted by a member of the Ilaoa family and that that family had cut some of the leaves; also

that the old fale was occupied by members of the Ilaoa family. The planting of the pandanus undoubtedly occurred many years ago and if any leaves were cut by the Ilaoa family it was likewise many years ago. The fale had been gone for more than 22 years with only the coral remaining as concrete evidence of its prior existence. Toilolo testified that it was taken down before the dispensary was built. Taking the testimony as a whole, we think the passage of time has so dimmed the memory of Ilaoa's witnesses on these matters that they were mistaken.

We conclude that the land, where the pandanus stood, was used and occupied under a claim of ownership by the Toilolo family for more than twenty years prior to Toilolo's offer to register the land Niualuga. It follows, therefore, that that part of the land is Toilolo's.

We shall now consider that part of the surveyed land that lies north of where the pandanus patch was. From Toilolo's testimony it appears that the ownership of this patch has been a matter of dispute between the Toilolo family and Ilaoa family for some years; that about five years ago Ilaoa's family set out some bananas on this piece over the objection of Toilolo and that for about three years before the bananas were set out a cook house owned by Tuiloau, a member of the Ilaoa family, stood on it; that before the cook house was put up this piece was just bush. There are two coconut trees standing at the most northerly corner of this disputed piece which corner is also the most northerly corner of the surveyed tract. Toilolo testified that he did not plant these two coconut trees, did not know when they were planted, and that he never got any nuts from them. If he claimed the land up to these two coconut trees it is indeed peculiar that he never got any of the nuts therefrom. There was evidence that these two trees were planted by a member of the Ilaoa family and that the Ilaoa family used the nuts from them. Since the land was just bush prior

to the time the cook house was put on it, it is obvious that Toilolo was not using it and occupying it. There was no evidence that he used it or occupied it during the three years the cook house stood on it. And there was no evidence that he used it or occupied it after the Ilaoa family put the bananas in it some five years ago. There was testimony to the effect that the Ilaoa family took breadfruit and grape-fruit from trees on that piece as well as bananas. Toilolo may have claimed the land, but since he did not use it, or occupy it, to the accompaniment of his claim he did not under the law acquire title to it. This disputed piece is the property of Ilaoa, he having used and occupied it with claim of ownership and there being no other objector.

This leaves the part of the tract claimed by Ilaoa and lying northwesterly and southeasterly of the three coconut trees to be considered. Olo testified that he saw the Toilolo family using the nuts from these trees "a long time ago"; in fact so many years ago that he could not remember how many; that when he was pulenuu he had given the Toilolo family orders to clean up around the trees. Salavea testified that he had seen Toilolo's children taking nuts from these trees "for more than twenty years" without objection from anyone. Fipi testified that she saw Toilolo Moimoi plant the three coconut trees. Although there is some conflict in the testimony relating to these three trees we think that they were planted by the Toilolo family and that the nuts grown on them have been taken by the Toilolo family for more than twenty years. Examination of the evidence as a whole convinces us that the part of the surveyed land to the north-west of the three coconuts as well as to the southeast of them was occupied, used and claimed by the Toilolo family as its own for more than twenty years prior to the offer to register the land Niualuga; and that during none of that time was this part used or occupied by Ilaoa's family. It

follows therefore that this part belongs to Toilolo, and not to Ilaoa.

It was in evidence that the pandanus patch extended to the north end of the eastern boundary of the land, marked on the survey as having a bearing of 327°6′ N.W. and a length of 37.31′. The north side of the pandanus patch ran west and slightly north from the north end of the boundary just referred to. Taking into consideration the location of the three coconut trees on the survey and the location of the old pandanus patch and other pertinent evidence, we think the northern boundary of the land Niualuga begins at the north end of the line marked 327°6′ N.W. 37.31′ on the survey and runs in a northwesterly direction to the north end of the western boundary which is designated on the survey as having a bearing of 255°20′ S.W. and a length of 58′. The Court has calculated mathematically the length and direction of this boundary and finds that beginning at the north end of the line with a bearing of 327°6′ N.W. and a length of 37.31′ it extends 79.96′ with a bearing of 273° N.W., to the north end of the line, as shown on the survey, having a bearing of 255°20′ S.W. and a length of 58′.

The Court therefore ORDERS, ADJUDGES AND DE-CREES that that part of the surveyed tract, as shown on the survey filed in this cause, lying north of the above mentioned boundary with a length of 79.96′ and a bearing of 273° N.W. is the property of Ilaoa as the matai of the Ilaoa family; and that that part of the surveyed tract, as shown on the survey, lying south of said boundary with a length of 79.96′ and a bearing of 273° N.W. is the property of Toilolo as the matai of the Toilolo family.

For the purpose of clarification, the Court has caused the new boundary with the bearing 273° N.W. and a length of 79.96′ to be marked with a dotted line in red on the survey filed for registration; and the four sided tract lying north of said dotted red line to be designated in red ink on the

607

said survey as matai land of Ilaoa, area .031 A.; and the eight sided tract lying south of said red dotted line to be designated on said survey as matai land of Toilolo, area .278 A. The Court calculated the areas of the two tracts.

Court costs are assessed against Ilaoa in the sum of $20.00 and against Toilolo in the sum of $15.00, the same to be paid within 30 days.